OPINION OF THE COURT
Ira Gammerman, J.
Third-party defendant Court Tower Corp. (hereinafter Court) moves to dismiss the third-party summons and cross claims of defendant and third-party plaintiff Donald Zucker Company (hereinafter Zucker).
This is essentially a stakeholder action brought by plaintiff, the owner of a building at 318 West 39th Street, New York City. That building was purchased by plaintiff from Court in late December, 1980. In connection with that purchase plaintiff executed a wrap-around purchase-money mortgage in excess of $2,000,000 calling for monthly payments in excess of $18,000. A number of creditors of Court have filed executions and levies, and restraining notices to garnishee in connection with judg *978 merits obtained by the creditors against Court. These creditors include in addition to Zucker, Alfred Kach and Claire Kach, and Kaufman Leasing Co., a division of Kaufman Management Co.
In early August, 1982, plaintiff’s agent was notified that the wrap-around purchase-money mortgage had been assigned by Court to Ivory Ranch, Inc. (hereinafter Ivory) on June 24, 1982 with the request that the mortgage payments in the future be made to Ivory rather than Court. Plaintiff, not knowing who to pay, instituted this action naming all of the above creditors as defendants in addition to the deputy sheriff of the City of New York, Daniel J. Baietto and Ivory. Court was not named as a party defendant by plaintiff.
Defendant Zucker interposed its answer which contained two cross claims, one against Ivory and a second against Court. In essence, defendant Zucker alleges that the transfer of the mortgage from Court to Ivory was fraudulent with the intent and purpose to hinder, delay and defraud the creditors of Court, particularly Zucker. As part of the relief sought in the cross complaint Zucker demands judgment declaring that the transfer of the mortgage be null and void, fraudulent and of no effect, and further, that the mortgage be adjudged and declared the property of Court. It is this cross claim that Court asks be dismissed.
The court notes initially that the attorneys for Court served their notice of motion and supporting papers only on the attorneys for Zucker and plaintiff. This failure to serve all parties was perhaps designed to conceal the fact that the same law firm represents both Court and Ivory.
Zucker initially opposes the motion on the ground that it is not timely. The answer containing the cross claims was served on Court and Ivory on October 8, 1982. The motion was not made until November 22, 1982, more than 30 days after service of the answer containing the cross claims. Although a reply affirmation was submitted by the attorneys for Court, no explanation is offered for the failure to move within the 30-day time period. This alone would mandate denial of the motion.
Rather than disposing of the motion on this ground alone, the court prefers to deal with the merits. Court *979 argues that pursuant to CPLR 1007, a third-party defendant must be one who is liable to the third-party plaintiff for all or part of the claim being asserted by the plaintiff against the third-party plaintiff, that is, the liability must be one rooted in indemnity or contribution. Court’s view of CPLR 1007 is too narrow. Third-party practice is primarily a tool for the economical resolution of interrelated lawsuits. (Cohen Agency v Perlman Agency, 51 NY2d 358.) Certainly a determination of the validity of the transfer of the mortgage from Court to Ivory is necessary in order to make the further determination as to who is entitled to receive the mortgage payments from plaintiff. Further, pursuant to CPLR 3019 (subd [d]) a defendant who has a cross claim against a codefendant may make a nonparty person or entity alleged to be liable to the cross-claiming defendant, a party to the action by serving upon that person or entity a copy of the answer containing the cross claim. This procedure avoids the necessity of having Zucker commence an independent action against Court, and then move for consolidation of that action with this one. (See 3 Weinstein-Korn-Miller, NY Civ Prac, par 3019.31.)
Court’s motion to dismiss is denied.